# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD, | ) 1:12cv00487 LJO DLB PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| vs. | |
| G. GONZALES, | ) THIRTY-DAY DEADLINE |
| Defendant. | |

Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 30, 2012.  He names Correctional Officer G. Gonzales as the sole Defendant.

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.        **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at California Corrections Institution, though the events at issue occurred while he was housed at California Substance Abuse Treatment Facility.

Plaintiff alleges that he submitted numerous appeals against Defendant Gonzales for unprofessional misconduct, retaliation and destruction of property by personally handing them to her.  Defendant Gonzales failed to submit and/or destroyed the appeals.

On or about December 22, 2009, Plaintiff verbally informed Defendant Gonzales that he wasn't feeling well.  He then collapsed and had a seizure in her presence.  Plaintiff alleges that Defendant Gonzales denied him medical care and when he confronted her about it, she stated, "Fuck you, and I wished you would've died fucker for stabbing one of my partners in Corcoran." Compl. 6.  When Plaintiff asked an unknown nurse about the matter, Plaintiff was informed that "custody said no treatment."  Compl. 6.

Plaintiff submitted a 602 on December 22, 2009, to the Sergeant in Administrative Segregation.  On December 29, 2009, Plaintiff was interviewed by Sergeant Zinani, Correctional Officer Langner and Defendant Gonzales.  Plaintiff explained that he had submitted numerous appeals to Defendant Gonzales, but she failed to return the appeal as required.

On December 29, 2009, several correctional officers arrived at Plaintiff's cell, screaming and ordering him to submit to handcuffs.  Plaintiff was taken to the Administrative Segregation Unit as punishment for filing appeals.  To justify the punishment, Plaintiff was told that he threatened to kill Defendant Gonzales during the appeal interview.  Plaintiff submitted an appeal on this issue on December 29, 2009.

On January 8, 2010, Plaintiff was issued a CDCR 115 Rules Violation Report for threatening a peace officer.  The report was written by Defendant Gonzales.  Plaintiff submitted a complaint to Internal Affairs, the Appeals Coordinator and Warden on January 8, 2010.

On February 6, 2010, Plaintiff had a hearing on the Rules Violation and was found not guilty. Plaintiff had submitted evidence of his prior appeals against Defendant Gonzales. Moreover, the witnesses who were present during the interview did not hear any of what Defendant Gonzales wrote in the report. The Rules Violation Report was dismissed in the interest of justice on February 6, 2010.

Plaintiff contends that he never received a response to the appeals dated December 22, 2009, December 29, 2009, and January 8, 2010. He was directed to return the appeals to the institutional level, and he has done so "without processing." Compl. 9. The Office of Internal Affairs forwarded a complaint to the Appeals Office, but it was screened out. He has repeatedly resubmitted the appeals but has not received a response. Plaintiff contends that the appeals are exhausted because no remedies are available.

Plaintiff alleges that Defendant Gonzales (1) violated his First Amendment right to file grievances; (2) violated his Eighth Amendment right to medical care; (3) retaliated against him in violation of the First Amendment; (4) violated California Penal Code section 118.1; and (5) violated section 3084.1 of Title 15 of the California Code of Regulations.

**C.   DISCUSSION**

   1.   First Amendment – Right to Grievance Procedure

The First Amendment guarantees that "Congress shall make no law ... abridging the freedom of speech ..." U.S. Const. Amend. 1. It is well settled that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. at 545-46 (internal citations omitted). Accordingly, a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to

maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir.1987).  Inmates have a First Amendment right to file prison grievances.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

In order to state a cognizable First Amendment free speech claim, Plaintiff must plead that his speech was constitutionally protected, that Defendant's actions would chill an ordinary person from continuing in that activity, and that Defendant's actions were motivated by his constitutionally protected speech.  Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300-1301 (9th Cir.1999).

Plaintiff's allegations state a First Amendment claim against Defendant Gonzales based on her alleged refusal to file Plaintiff's grievances.  Plaintiff will be instructed on service in a separate order.

      2.      Eighth Amendment- Denial of Medical Care

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety. . . ."  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on*

*other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's allegations state a claim under the Eighth Amendment based on Defendant Gonzales' alleged refusal to obtain medical care when Plaintiff had a seizure. Plaintiff will be instructed on service in a separate order.

### 3. First Amendment- Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Plaintiff's allegations state a claim for retaliation in violation of the First Amendment against Defendant Gonzales. Plaintiff will be instructed on service in a separate order.

      4.      California Penal Code and California Code of Regulations

Plaintiff alleges violations of California Penal Code section 118.1 and section 3084.1 of Title 15 of the California Code of Regulations. Section 118.1 relates to false reports by peace officers and section 3084.1 describes an inmate's right to appeal.

Plaintiff may not sue Defendant for violation of the penal code, see Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); see also Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes), and the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations, e.g., Parra v. Hernandez, 2009 WL 3818376, at *8 (S.D.Cal. 2009); Davis v. Kissinger, 2009 WL 256574, at *12 n.4 (E.D.Cal. 2009), adopted in full, 2009 WL 647350 (2009).

Accordingly, Plaintiff is unable to state a claim under of Penal Code section 118.1 or section 3084.1 of Title 15 of the California Code of Regulations. The deficiency is not curable through amendment and the claim should be dismissed. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

**D.**      **FINDINGS AND RECOMMENDATIONS**

The Court finds that Plaintiff's complaint states cognizable claims against Defendant Gonzales for (1) violation of the First Amendment based on her refusal to file his inmate appeals; (2) violation of the Eighth Amendment based on her denial of medical care; and (3) violation of the First Amendment based on retaliation. It does not, however, state a claim under the California Penal Code or the California Code of Regulations. This deficiency cannot be cured. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). As explained above, Plaintiff will be instructed on service in a separate order.

Accordingly, it is HEREBY RECOMMENDED that claims pursuant to California Penal Code section 118.1 and section 3084.1 of Title 15 of the California Code of Regulations be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 26, 2013**                    /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE