# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>             Plaintiff,<br><br>     vs.<br><br>C. GONZALES,<br><br>             Defendant. | 1:12cv00487 LJO DLB PC<br><br>ORDER PROVIDING DEFENDANT WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE |

    Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed on March 30, 2012.

    On March 19, 2013, the Court ordered the United States Marshal to serve process upon Defendant. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendant. If a waiver of service was not returned by a Defendant within sixty days, the Marshal was directed to effect personal service on the Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On February 7, 2014, the United States Marshal filed a return of service with a USM-285 form showing charges of $256.60 for effecting personal service on Defendant Gonzales. ECF No. 20. The form shows that a waiver of service form was mailed to Defendant Gonzales on June 26, 2013.

Pursuant to the Court's order, Defendant is required to return the waiver to the United States Marshal and the filing of an answer or a motion does not relieve her of this obligation. Defendant Gonzales did not return a waiver, which resulted in the execution of personal service on January 24, 2014.

Defendant Gonzales filed her answer on May 22, 2014.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Gonzales was given the opportunity required by Rule 4(d)(1) to waive service, but she failed to return her waiver to the United States Marshal, although she did make an appearance in the action. The Court shall provide Defendant Gonzales with the opportunity to show good cause for failing to waive service.[1] If Defendant Gonzales either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant Gonzales.

---

[1] The Court notes that in her response to the order to show cause for failing to file an answer, Defendant stated that she did not know of this action until recently and was not served by either mail or personal service. Her declaration did not specifically discuss the waiver, however.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Gonzales may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2. If Defendant Gonzales either fails to respond to this order, or responds but fails to show good cause, the Court shall impose upon Defendant Gonzales the costs incurred in effecting service.

IT IS SO ORDERED.

Dated:   **May 23, 2014**                    /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE