# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>C. GONZALES,<br><br>　　　　　Defendant. | )   1:12cv00487 LJO DLB PC<br>)<br>)   ORDER GRANTING UNITED STATES<br>)   MARSHAL'S REQUEST FOR<br>)   REIMBURSEMENT<br>)   (Document 20)<br>)<br>)   ORDER REQUIRING DEFENDANT<br>)   GONZALES TO PAY TO THE UNITED<br>)   STATES MARSHAL THE COSTS<br>)   INCURRED IN EFFECTING SERVICE |

　　　Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed on March 30, 2012.

　　　On March 19, 2013, the Court ordered the United States Marshal to serve process upon Defendant. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendant. If a waiver of service was not returned by a Defendant within sixty days, the Marshal was directed to effect personal service on the Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On February 7, 2014, the United States Marshal filed a return of service with a USM-285 form showing charges of $256.60 for effecting personal service on Defendant Gonzales. ECF No. 20. The form shows that a waiver of service form was mailed to Defendant Gonzales on June 26, 2013.

Pursuant to the Court's order, Defendant Gonzales was required to return the waiver to the United States Marshal, and the filing of an answer or a motion does not relieve her of this obligation. Defendant Gonzales did not return a waiver, which resulted in the execution of personal service on January 24, 2014.

Also on February 7, 2014, the United States Marshal submitted a request for reimbursement in the amount of $256.60.

Defendant Gonzales filed her answer on May 22, 2014.

Subsequently, on May 23, 2014, the Court issued an order providing Defendant Gonzales with an opportunity to show cause for failing to waive service as it appeared that she was given the opportunity to do so, but failed to return her waiver to the United States Marshal. The order set forth the requirements of Rule 4, which provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

The order further explained that the failure to respond, or the failure to show cause, would result in the imposition of costs on Defendant Gonzales.

Over thirty (30) days have passed and Defendant Gonzales has not responded to the order or otherwise communicated with the Court.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The United States Marshal's request for reimbursement in the amount of $256.60, is GRANTED;

2. Within twenty (20) days from the date of this order, Defendant Gonzales shall pay to the United States Marshal the sum of $256.60.

3. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal, Sacramento, California; and

4. The Clerk of the Court is directed to serve a copy of this order on Defendant Gonzales.

IT IS SO ORDERED.

Dated:  **June 27, 2014**              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that in her response to the order to show cause for failing to file an answer, Defendant stated that she did not know of this action until recently and was not served by either mail or personal service. Her declaration did not specifically discuss the waiver, however.