# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C. GONZALES,<br><br>　　　　Defendant. | 1:12cv00487 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION<br><br>(Document 32) |

Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed on March 30, 2012. This action is proceeding against Defendant Gonzales for violation of the First and Eighth Amendments.

On March 19, 2013, the Court ordered the United States Marshal to serve Defendant.

On February 7, 2014, the United States Marshal filed a return of service with a USM-285 form showing charges of $256.60 for effecting personal service on Defendant Gonzales. ECF No. 20. The form shows that a waiver of service form was mailed to Defendant Gonzales on June 26, 2013.

On May 1, 2014, Plaintiff filed a motion requesting that the Court order Defendant Gonzales to file an answer. On May 9, 2014, the Court granted the motion in part. Instead of

1

ordering Defendant to answer the complaint, the Court issued an order to show cause why default should not be entered. The Court also ordered that the clerk serve a courtesy copy of the order on the Litigation Coordinator at SATF and the Legal Affairs Division of the California Department of Corrections and Rehabilitation.

On May 22, 2014, Defendant filed an answer along with a declaration. In her declaration, Defendant stated that she was not aware of the action until May 14, 2014, and had not been served either personally or by mail. Therefore, on May 23, 2014, the Court discharged the order to show cause.

On June 6, 2014, Plaintiff filed a motion for reconsideration of the Court's May 23, 2014, order discharging the order to show cause. Defendant did not file an opposition and the motion is suitable for decision. Local Rule 230(l).

## **LEGAL STANDARD**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been

raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

**ANALYSIS**

Plaintiff seeks reconsideration of the Court's order discharging the order to show cause because he believes that Defendant is being untruthful. Specifically, Plaintiff contends that Plaintiff lied when she stated that she was not aware of this action until the Litigation Coordinator received a copy of the order to show cause.

In support of his claim, Plaintiff first tells the Court it "needs to consult with its clerk, and re-examine the May 8, 2014, court orders as to what was sent to SATF litigation." Mot. 3. According to Plaintiff, because the May 8, 2014, directed the clerk to send only a copy of the order to show cause to the Litigation Coordinator, "it's a mystery to [him] as to how the Defendant mysteriously" became aware of the complaint on May 14, 2014. Mot. 4. Plaintiff overlooks the fact that documents in this action, including the complaint, are accessible through the Court's electronic case filing system.

Plaintiff also cites to the "remarks" section of the USM-285 form. There, the Marshal indicated that waiver was mailed on June 26, 2013. The Marshal further indicated that on January 22, 2014, the summons and complaint were "sent to personal service, Fresno, CA 1/22/14." Plaintiff interprets this to mean that Defendant Gonzales was served at her home address in Fresno, not at SATF. Plaintiff's assumption is incorrect. Defendant Gonzales' home address, an address that Plaintiff would not have, is not located anywhere on the USM-285 form. Rather, the notation that the documents were sent to Fresno likely indicates the specific United States Marshal office that would carry out personal service.

Finally, Plaintiff points to this Court's citation to personal service. However, simply because the Court repeated the information on the USM-285 form does not mean that service was proper.

## **ORDER**

Plaintiff's arguments in support of his motion for reconsideration are without merit. Accordingly, his motion is DENIED.

IT IS SO ORDERED.

   Dated:   **July 1, 2014**                    **/s/ Lawrence J. O'Neill**
                                                                       UNITED STATES DISTRICT JUDGE