# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>        Plaintiff,<br><br>    vs.<br><br>C. GONZALES,<br><br>        Defendant. | 1:12cv00487 LJO DLB PC<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO DEPOSITION AND TO FURTHER MOTIONS FOR SUMMARY JUDGMENT<br><br>(Document 54) |

      Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed on March 30, 2012.

      This action is proceeding against Defendant Gonzales. On August 21, 2014, Defendant Gonzales filed a motion for summary judgment based on Plaintiff's failure to exhaust. The motion is fully briefed.

      On September 29, 2014, Plaintiff filed "objections" to Defendant's notice of deposition of Inmate Juarez. Plaintiff also requests that the Court prevent Defendant from filing any further motions for summary judgment.

      The motion for summary judgment pending is related to exhaustion. Pursuant to the Ninth Circuit's decision in Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014), a motion for

summary judgment is now the proper procedural vehicle for addressing exhaustion.  A motion for summary judgment based on exhaustion does not address the underlying merits of the claim, and if the action survives the exhaustion challenge, Defendant will not be prohibited from filing a motion for summary judgment on the merits at a later date.

Insofar as Plaintiff suggests that discovery should be stayed, the Court's practice has been to continue discovery on the merits of the action while an exhaustion challenge is pending.  If discovery becomes unduly burdensome, the parties may move for a protective order.  Fed. R. Civ. Proc. 26(c)(1).

Finally, Plaintiff's challenge to Defendant's amended notice of Inmate Juarez's deposition is unclear.  To the extent Plaintiff suggests that Defendant has not obtained leave of Court, the May 23, 2013, Discovery and Scheduling Order specifically granted Defendant leave to "take the deposition of Plaintiff, or any other incarcerated witness, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B)." ECF No. 28, at 3.  Plaintiff is also correct that Defendant must provide Plaintiff with note at least fifteen (15) days prior to the scheduled date, but the fact that Plaintiff did not receive an initial notice does not make the amended notice improper.

IT IS SO ORDERED.

Dated:   **October 15, 2014**               /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE