1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

### EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| 9  TIMOTHY HOWARD, | Case No. 1:12-cv-00487 LJO DLB PC |
| 10            Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| 11       v. | REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST |
| 12  GONZALES, | (Document 46) |
| 13            Defendant. | THIRTY-DAY OBJECTION DEADLINE |

14
15

Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma

16

pauperis, filed this civil rights action on March 30, 2012.  He filed a First Amended Complaint

17

("FAC") as of right on June 27, 2014.  The action is proceeding against Defendant Gonzales for

18

violations of the First and Eighth Amendments.

19

Defendant filed her answer on July 9, 2014.

20

On August 21, 2014, Defendant filed the instant motion for summary judgment based on

21

Plaintiff's failure to exhaust his administrative remedies.[1]  Plaintiff opposed the motion on

22

September 12, 2014, and Defendant filed her reply on September 18, 2014.  On October 3, 2014,

23

Plaintiff filed a "Request for Judicial Notice."

24

The motion is deemed submitted pursuant to Local Rule 230(l).

25

## A.    PLAINTIFF'S ALLEGATIONS

26

Plaintiff is currently incarcerated at Pelican Bay State Prison in Crescent City, California.

27

The events at issue occurred while he was housed at the California Substance Abuse Treatment

28

Facility in Corcoran, California.

---

[1] Concurrent with her motion, Defendant provided Plaintiff with the requirements for opposing a summary judgment motion.  Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

Plaintiff alleges that he submitted numerous appeals against Defendant Gonzales for unprofessional misconduct, retaliation and destruction of property by personally handing the appeals to her for informal level response.  Defendant Gonzales failed to submit and/or destroyed the appeals.

On or about December 22, 2009, Plaintiff verbally informed Defendant Gonzales that he wasn't feeling well.  At some point while in her presence, he collapsed and had a seizure.  He alleges that he was denied medical care.

Later that day, Plaintiff confronted Defendant Gonzales and asked why he didn't receive medical attention.  She stated, "Fuck you, and I wished you would've died fucker for stabbing one of my partners in Corcoran."  ECF No. 39, at 3.

When Plaintiff asked an unknown nurse about the matter, Plaintiff was informed that "custody said no treatment."  Several prisoners started yelling, "we screamed man down and they did nothing."  ECF No. 39, at 3.

Plaintiff submitted another 602 on December 22, 2009, to the Sergeant in Administrative Segregation.  On December 29, 2009, Plaintiff was interviewed by Sergeant Zinani, Correctional Officer Langner and Defendant Gonzales.  Plaintiff explained that he had submitted numerous appeals to Defendant Gonzales, but she failed to return the appeal as required.  He also explained that Defendant Gonzales failed to notify medical when he had a seizure, and that she has started to harass him.  Plaintiff was informed that staff matters were confidential and beyond the scope of the appeals process, but that appropriate action would be taken.  They requested that Plaintiff withdraw the appeal, but he refused to do so.

Also on December 29, 2009, several correctional officers arrived at Plaintiff's cell, screaming and ordering him to submit to handcuffs.  Plaintiff was taken to the Administrative Segregation Unit as punishment for filing appeals.  To justify the punishment, Plaintiff was told that he threatened to kill Defendant Gonzales during the appeal interview.  Plaintiff spent 495 days in a management cell.

Plaintiff submitted an appeal on this issue on December 29, 2009.

On January 8, 2010, Plaintiff was issued a CDCR 115 Rules Violation Report for threatening a peace officer at the December 29, 2009, hearing.  The report was written by Defendant Gonzales.

2

Plaintiff submitted complaints to Internal Affairs, the Appeals Coordinator, Defendant Gonzales and the Warden on January 8, 2010.

On February 6, 2010, Plaintiff had a hearing on the Rules Violation and was found not guilty. Plaintiff had submitted evidence of his prior appeals against Defendant Gonzales.  Moreover, the witnesses who were present during the interview did not hear any of what Defendant Gonzales wrote in the report.  The Rules Violation Report was dismissed in the interest of justice on February 6, 2010.

Plaintiff contends that he never received a response to the appeals dated December 22, 2009, December 29, 2009, and January 8, 2010.  Therefore, he repeatedly submitted the appeals to the Appeal Coordinator and the Director of Appeals.  The Director of Appeals directed Plaintiff to return the appeals to the institutional level, and he has done so "without processing."  ECF No. 39, at 5. The Office of Internal Affairs forwarded a complaint to the Appeals Office, but it was screened out. He has repeatedly resubmitted the appeals but has not received a response.  Plaintiff contends that the appeals are exhausted because no remedies are available.

Plaintiff alleges that Defendant Gonzales (1) violated his First Amendment right to file grievances; (2) violated his Eighth Amendment right to medical care on December 22, 2009; and (3) retaliated against him in violation of the First Amendment by issuing a false Rules Violation Report.

**B.**      **LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and [following such denial] the district judge rather than a jury should determine the facts."  Id.  The Albino court specified that the court should act as the finder of fact in connection with an exhaustion challenge "in a preliminary proceeding" and, "if feasible, before reaching the merits of a prisoner's claim."  Id. at 1168, 1170.

3

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## C.   **APPEALS PROCESS**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints, and the process is initiated by submitting a CDCR Form 602.  Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2(a).  During the relevant time period, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level," and appeals had to be submitted within fifteen working days of the event being appealed.  Id. at §§ 3084.5, 3084.6(c).

4

**D.**   **ANALYSIS**

      1.   *Parties' Arguments*

      Defendant acknowledges that Plaintiff filed numerous appeals both before and after the alleged events of December 2009, but she contends that he never submitted an appeal claiming that she denied him medical care, destroyed his legal property,[2] filed a false report or retaliated against him.  Defendant also contends that Plaintiff did not file *any* appeals, whether screened out or not, within fifteen working days of either December 22, 2009, or December 29, 2009.

      Plaintiff opposes the motion by arguing that a hearing was held on December 29, 2009, regarding his December 22, 2009, appeal, making all issues raised in that appeal (retaliation, destruction of legal property and denial of medical care) exhausted.  He also argues that the repeated failure to respond to his appeals dated December 29, 2009, and January 8, 2010, rendered the exhaustion process unavailable to him.

      In reply, Defendant maintains that Plaintiff did not properly submit any appeals to the Appeals Coordinator.  However, even taking Plaintiff's evidence as submitted, Defendant contends that Plaintiff did not submit any appeals to the Appeals Coordinator until the middle of February 2010, nearly two months after the events occurred.

      Plaintiff's claims in this action arise from Defendant Gonzales' alleged (1) repeated refusal to file any of his appeals during an unknown time period prior to December 22, 2009; (2) refusal to summon medical care on December 22, 2009; and (3) falsely accusing him of threatening her on December 29, 2009.

      As an initial matter, Plaintiff repeatedly argues that Defendant has failed to dispute certain facts in his FAC because she did not submit a declaration to contradict his claims that he gave her numerous appeals.  However, Plaintiff misunderstands the burdens on summary judgment.  The Ninth Circuit described the parties' burdens as they relate to exhaustion as follows:

> [T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy.  (Citation omitted.)  Once the defendant has carried that burden, the prisoner has the burden of production.  That is, the burden shifts to the prisoner to come forward with evidence showing that there is something

---

[2] Destruction of legal property is not a claim in this action.

5

1  in his particular case that made the existing and generally available administrative remedies
2  effectively unavailable to him.  (Citations omitted.)

3  Albino, 747 F.3d at 1172.

4      Therefore, in moving for summary judgment, Defendant does not have the burden of
5  disputing the allegations in Plaintiff's FAC relating to exhaustion.  Rather, Defendant bears the
6  burden of demonstrating the absence of any genuine issue of material fact.  Plaintiff's argument that
7  Defendant has conceded facts in his FAC is therefore without merit.

8      Finally, Plaintiff's substantive arguments on the merits of his claims are not relevant to the
9  analysis of this motion.

10      Turning to the issue of exhaustion, it is clear that most of the facts relating to Plaintiff's
11  attempts to exhaust are disputed.  The Court will address each claim separately, viewing the
12  evidence in the light most favorable to Plaintiff.

13      2.      *Refusal to File Grievances*

14      Plaintiff maintains that he submitted numerous appeals "surrounding unprofessional
15  misconduct, retaliation and destruction of legal property" directly to Defendant Gonzales by
16  "personally handing" them to her for a response at the informal level.  Pl.'s Decl. ¶ 3 (ECF No. 50,
17  at 1).  He contends that her failure to respond made the grievance procedure unavailable, and renders
18  all appeals given to her prior to December 22, 2009, exhausted.

19      Plaintiff's appeals given to Defendant Gonzales *prior* to the December 22, 2009, incident,
20  however, have not been submitted to the Court as evidence.  Plaintiff contends that these appeals
21  exhausted his claim that Defendant Gonzales prevented him from filing grievances, but he has not
22  submitted evidence of the appeals.

23      While her alleged refusal to accept his appeals prior to December 22 may support his actual
24  claim, there is no evidence that he submitted an appeal directed at Defendant Gonzales' failure to
25  accept his grievances.  The December 22, 2009, appeal states that Plaintiff "has submitted various
26  appeals, and requested (CSATF) supervisors to reprimand C. Gonzales for inciting violence,
27  unprofessional conduct, disrespect, reprisal and destruction of prisoner's property that includes legal
28  materials, photos and other minute items. . ."  Pl.'s Ex. D (ECF No. 49, at 41).  The appeal then goes
   on to raise the alleged denial of medical care on December 22, 2009.  The December 29, 2009,

1  appeal also mentions the unprofessional conduct, etc., but then describes the alleged retaliatory

2  accusations.  Pl.'s Ex. I (ECF No. 49, at 78).  Finally, the January 8, 2010, appeal deals solely with

3  the allegedly false RVR.  Pl.'s Ex. J (ECF No. 49, at 80).

4       Accordingly, the undisputed facts show that Plaintiff has not exhausted his claim that

5  Defendant Gonzalez refused to accept his grievances.

6       *3.*       *Denial of Medical Care*

7       Plaintiff states that he submitted an appeal on December 22, 2009, to the ASU/Ad-Seg

8  Sergeant.  Pl.'s Decl. ¶ 9; Ex. D (ECF No. 49, at 41).[3]  Plaintiff requested an interview in the appeal,

9  and states that on December 29, 2009, the interview took place with Ad-Seg Sergeant Zinani,

10 Correctional Officer Langner and Defendant.  Pl.'s Decl. ¶ 10.  He argues that this interview shows

11 that the medical claim was exhausted.

12      Taking these facts as undisputed, Defendant argues that Plaintiff did not *properly* exhaust

13 because he was required to submit his appeal through the institutional mail directly to the Appeals

14 Coordinator.  Corral Decl. ¶ 4 (ECF No. 46-4, at 2).  Indeed, according to Plaintiff's facts, he gave

15 the appeal directly to the ASU/Ad-Seg Sergeant on December 22, 2009.

16      Beginning on January 19, 2010, Plaintiff wrote various letters to the Warden and Internal

17 Affairs, but these letters did not properly exhaust his claim.  On February 9, 2010, Plaintiff wrote a

18 letter to the Appeals Coordinator explaining that his appeals had not been processed.  Pl.'s Dec. ¶ 21

19 (ECF No. 50, at 3).  Plaintiff's copy of the December 22, 2009, appeal shows that it was received by

20 the Inmate Appeals Branch on February 16, 2010.  Pl.'s Ex. D (ECF No. 49, at 41).

21

22

23 [3]  Defendant states that according to Plaintiff's Declaration, Plaintiff gave the appeal directly to Defendant, and that
   Defendant then destroyed it.  Plaintiff's declaration, however, does not specifically say that he gave the December 22,
24 2009, appeal to Defendant.  Rather, Plaintiff declares that he gave Defendant appeals "on various occasions," none of
   which involved medical care.  Pl.s' Decl. ¶ 3 (ECF No. 50, at 3).  Plaintiff later states that he submitted the appeals "on"
25 Defendant Gonzales.  Pl.'s Decl. ¶ 18 (ECF No. 50, at 3).  The Court notes that in a January 19, 2010, letter to the
   Warden, attached as an exhibit to Plaintiff's opposition, he states, "your officer refused to answer and return appeals,
26 therefore copies of appeals have been made prior to submission on 12/22/09, 12/29/09 and 1/8/09, however, C/O
   Gonzales has refused to answer the informal level and return appeals."  Pl.'s Ex. K (ECF No. 49, at 82).

   Although there may be some confusion as to whether Plaintiff gave the December 22, 2009, appeal to Defendant, the
27 issue is not relevant.  According to Defendant, Plaintiff was not required to exhaust at the informal level where he
   accuses an officer of misconduct, and Plaintiff is not arguing that giving the appeal to Defendant sufficed to exhaust it.
28
   The Court also notes that if Plaintiff contends that he gave the appeal to Defendant and she did not process it, his
   argument that a hearing was held on the appeal would be nonsensical.

Under Plaintiff's facts, then, he did not submit any appeals to the Appeals Coordinator until February 9, 2010.  However, this was far beyond the fifteen working-day time period to submit an appeal for the December 22, 2009, event.

Insofar as Plaintiff contends that the December 29, 2009, hearing exhausted the appeal, he is incorrect.  The parties dispute whether the hearing was an appeal hearing.  While Plaintiff contends that the hearing was related to his appeal, Defendant asserts that the hearing addressed the threats Plaintiff was making against Defendant.  Regardless, and even if the meeting was related to his appeal, Plaintiff did not continue to exhaust his appeal to the final level in a timely manner.

Plaintiff's appeals dated December 29, 2009, and January 8, 2010, were related to his claims of retaliation, and did not serve to exhaust his denial of medical care claim.  Similarly, while Plaintiff continued to write letters to various entities through March 2012, they did not serve to timely and properly exhaust his claim.

Therefore, taking the facts in the light most favorable to Plaintiff, he has failed to *properly* exhaust his administrative remedies on the denial of medical care claim.

4.     *Retaliation*

Plaintiff states that he filed an appeal on December 29, 2009, relating to the allegedly false Rules Violation Report stemming from the December 29, 2009, interview.  Pl.'s Decl. ¶15; Ex. I (ECF No. 49, at 78).[4]  He does not state to whom it was submitted.  Plaintiff also submitted a second appeal on the issue on January 8, 2009, "to the Appeals Office (Coordinator), C. Gonzales, Internal Affairs and Warden Ken Clark."  Pl.'s Decl. ¶ 17; Ex J (ECF No. 49, at 80).  Plaintiff argues that he did not receive a response to these appeals, despite his diligence, and that the failure to respond rendered the appeals process unavailable.

In her reply, Defendant argues that in Plaintiff's January 10, 2010, letter to the Warden, attached to his opposition as Exhibit K, Plaintiff both clarifies and contradicts his testimony.  The letter states, "your officer refused to answer and return appeals, therefore copies of appeals have been made prior to submission on 12/22/09, 12/29/09 and 1/8/09, however, C/O Gonzales has refused to answer the informal level and return appeals."  Pl.'s Ex. K (ECF No. 49, at 82).

---

[4]  Plaintiff was given a copy of the RVR on January 8, 2010.  However, Plaintiff knew of the charge on December 29, 2009, when he submitted his first appeal on the issue.

As to the December 29, 2009, appeal, Defendant argues that the letter clarifies that Plaintiff gave the appeal only to Defendant.  Defendant argues that this is consistent with Plaintiff's copy of the appeal, which shows that it wasn't received by the Inmate Appeals Branch until February 16, 2010.  Pl.'s Ex. I (ECF No. 49, at 78).  Under this scenario, Defendant argues that (1) Plaintiff could not have exhausted by submitting the document directly to the officer involved in claims of misconduct;[5] and (2) his February 16, 2010, submission to the Appeals Branch was late.

The Court agrees that the evidence, taken in the light most favorable to Plaintiff, shows that the December 29, 2009, appeal did not exhaust his retaliation claim.  Plaintiff does not specifically state to whom he gave the appeal in either his opposition or his declaration, and the only evidence before the Court is his letter to the Warden, which states that he that he gave it to Defendant Gonzales.  His evidence also indicates that the appeal did not reach the Inmate Appeal Branch until February 16, 2010.

Turning to the January 8, 2010, appeal, Defendant contends that the letter to the Warden directly contradicts Plaintiff's statement in his declaration that he gave the appeal to Defendant, *as well as* the Appeals Office, Internal Affairs and the Warden.  Defendant also suggests that Plaintiff's contention that he submitted the January 8, 2010, appeal to the Appeals Office is not believable because (1) there is no reason that he would submit it to the Appeals Office at the same time he submitted it to Defendant for informal review; and (2) unlike Plaintiff's other two appeals, the January 8, 2010, appeal is not stamped as received by the Inmate Appeals Branch.

Insofar as Defendant characterizes Plaintiff's claim as "suspicious," such a determination goes beyond that permitted on summary judgment.  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  The Court is also hesitant to conclude that Plaintiff's statements are directly contradictory.  While he may say that he gave it to Defendant in his letter to the Warden, he does not say that *he did not* give it to anyone else.

The path of Plaintiff's January 8, 2010, appeal is therefore disputed.  While Defendant contends that Plaintiff did not send an appeal to the Appeals Office until the middle of February 2010, Plaintiff contends that he submitted the January 8, 2010, letter directly to the Appeals Office.

---

[5]  Defendant cites Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G)(2009), which waives the informal level review requirement for accusations of misconduct by peace officers.

Taking the evidence in the light most favorable to Plaintiff, the Court finds that there is a genuine dispute of material fact as to whether Plaintiff's January 8, 2010, appeal exhausted his retaliation claim. The Court cannot make findings on Plaintiff's remaining attempts to get a response given this disputed fact.

**E.    CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendant's motion for summary judgment, filed on August 21, 2014, be GRANTED IN PART and DENIED IN PART;

2.    Defendant's motion be GRANTED as to Plaintiff's claims that Defendant (1) refused to file his grievances; and (2) denied medical care on December 22, 2009, and these claims be DISMISSED WITHOUT PREJUDCE; and

3.    Defendant's motion be DENIED as to Plaintiff's claim of retaliation. The Court will determine if an evidentiary hearing, or the submission of additional evidence, is necessary upon District Court review of these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **December 9, 2014**                    /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE

10